**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gloria Hilda NAVARRETE, AKA
Gloria Navarrete, Defendant-
Appellant.**

**No. 16-50187**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted August 10,
2017 Pasadena, California

Filed September 14, 2017

Jonathan I. Shapiro, Helen H. Hong, Timothy Francis Salel, Assistant U.S. Attorneys, Ajay Krishnamurthy, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

Before: REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.

MEMORANDUM *

"We review the district court's interpretation of the [U.S. Sentencing] Guidelines de novo, the district court's application of the Guidelines to the facts of the case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court increased Navarrete's sentence under U.S.S.G. § 2D1.1(b)(12) for maintaining a stash house. *See* U.S.S.G. § 2D1.1(b)(12), cmt. n.17 (2015). Under the circumstances of this case, the district court did not err by imposing a sentence enhancement under § 2D1.1(b)(12).

2. U.S.S.G. § 3B1.1(c) provides for an upward adjustment based on the defendant's role in the offense. The district court found that Navarrete was "a lot closer to the top [of the drug-trafficking organization] than she was ... to the bottom." The record supports the district court's findings. The district court did not err when it increased Navarrete's sentence by two levels for her role in the offense. *See United States v. Maldonado*, 215 F.3d 1046, 1050–51 (9th Cir. 2000); *United States v. Varela*, 993 F.2d 686, 691–92 (9th Cir. 1993).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.